**SO ORDERED.**

**SIGNED this 08 day of December, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDA KAY SMITH, | ) | Case No. 04-14712 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| STEVEN L. SPETH, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5715 |
| | ) | |
| GARY R. VAUPEL and, | ) | |
| AG TREND SALES, INC. | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

Steven L. Speth, the trustee in bankruptcy for Linda Kay Smith, seeks to avoid a post-petition transfer made to defendants Gary R. Vaupel and AG Trend Sales, Inc. by virtue of a warranty deed from Smith to the defendants that was not recorded until well after the date of the

1

petition. The Trustee proceeds under 11 U.S.C. § 549.[1] The Trustee appears by Timothy King. Defendants appear by D. Michael Case. This Court heard testimony and received documentary evidence at trial on September 20, 2006 and is now ready to rule.

The Court has jurisdiction over this core proceeding under 28 U.S.C. § 157 (b)(1) and (b)(2)(K) and § 1334(b).

Factual Background

Gary Vaupel and debtor Linda Smith dated for a period of four years, during which time Vaupel loaned Smith a considerable amount of money on several occasions. One particular loan is the source of the present controversy. On August 29, 2002, Smith made, executed and delivered to Vaupel a promissory note in the amount of $80,000, this amount to bear interest at 9.25 per cent until paid.[2] The final balloon payment was due in three years' time. Vaupel testified that Smith was to pay or refinance the note when the balloon payment came due. In an attempt to secure Smith's repayment of the note, Vaupel, with the advice of counsel, accepted a warranty deed to two rental properties in Wichita, Kansas, legally described as the West 44 1/4 feet, Lot 27, Lemore Addition to the City of Wichita, Sedgwick County, Kansas, and commonly described as 3330 and 3332 E. Oakland, Wichita, Kansas (the "Property").[3] By the terms of the note, the deed was to be executed by Smith to Vaupel, but would be retained by Vaupel's lawyer, Harold Pickler, Esq., "and not be

---

[1] The bankruptcy case in which this adversary proceeding is filed was commenced prior to October 17, 2005. Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §101, et seq. as it was in force prior to that date.

[2] Ex. 1.

[3] Ex. A. In addition to Vaupel, defendant AG Trend Sales, Inc. was also named a grantee.

2

filed."[4] The note further states that "Lender [Vaupel] acknowledges that he will not have a perfected security interest in said real property."[5] The note also provides that in the event of Smith's default of any note payment obligations, "the Warranty Deed will be surrendered to Lender and Borrower shall have no further interest or claim to the Property."[6] If Smith paid the note per its terms, the warranty deed would be surrendered to her and the note marked "paid."

Smith did not pay the note, defaulting after making payments for less than a year. In July of 2004, Smith advised Vaupel of her imminent intention to file for bankruptcy relief. Vaupel directed attorney Pickler to record the deed. It was not recorded. Only after Smith filed her chapter 13 case on August 24, 2004 and it was converted to proceedings under chapter 7 on December 3, 2004 did Vaupel secure the deed and record it. The date of filing with the Sedgwick County Register of Deeds is March 14, 2005. During the period that Vaupel learned of Smith's intention to file a bankruptcy case to the date he recorded the deed, Vaupel extended her more credit, including a loan to her to pay her bankruptcy lawyer. At all relevant times, Vaupel paid taxes and upkeep on the rental properties which were only sporadically occupied. There is no question that Vaupel knew of Smith's bankruptcy when he caused the deed to be recorded in March of 2005. Vaupel's dating relationship with Smith, during which he appears to have loaned her in excess of $100,000, including the loan before the Court today, ended some time after the commencement of her case.

---

[4] Ex. 1.

[5] *Id.*

[6] *Id.* at ¶ 3. At paragraph 5 of the note, it provides that upon a payment default of two consecutive months and Borrower's failure to cure, the Lender shall be entitled to file the Warranty Deed and Borrower will have no further interest or claim to the Property.

3

Legal Analysis

The Trustee relies on the provisions of § 549(a) to avoid this transfer. To succeed in that effort, the Trustee had the burden to prove that (1) the transfer occurred after the commencement of the case and (2) that the transfer was not authorized under the Bankruptcy Code or by the Court. The term "transfer" is one that is defined under the Code as "every mode . . . voluntary or involuntary; of disposing of or parting with property or with an interest in property . . . ."[7] Vaupel's recording of the deed held by Pickler clearly constituted a disposition of this property by Smith to Vaupel under § 549(a)(1).[8] The Court did not authorize the transfer; nor does the Code. The Trustee met his burden of proof to demonstrate that the transfer was avoidable under § 549(a).

Vaupel claims two defenses, first that the actual transfer of the property took place when the deed was delivered to Pickler in 2002 rendering any interest the Trustee might have in the property subject to Vaupel's claims and, second, that he was a bona fide purchaser for value of the property when he recorded the deed. Vaupel had the burden to prove one of these two defenses.[9] He failed to prove either one.[10] As a matter of law, while the delivery of the deed to Pickler by Smith may

---

[7] § 101(54).

[8] *Cf. Patton v. State Street Bank (In re Patton),* 314 B.R. 826 (Bankr. D. Kan. 2004) (Mortgage on debtors' homestead could not be avoided as unauthorized postpetition transfer where mortgage was granted and recorded prepetition; subsequently recorded assignment of mortgage did not vitiate the mortgage.).

[9] Fed. R. Bankr. P. 6001. *See also Providian National Bank v. Vitt, et al. (In re Vitt),* 250 B.R. 711, 722 (Bankr. D. Colo. 2000) (party asserting the validity of a transfer under § 549 has the burden of proof)

[10] While the Court's discussion and analysis focuses on defendant Vaupel, the Court observes that no evidence was presented with respect to these defenses as to defendant AG Trend Sales, Inc. Therefore, defendant AG Trend did not satisfy its burden with respect to the transfer.

4

have constituted a constructive delivery to Vaupel, that delivery was only effective as between Vaupel and Smith in the absence of recordation of the deed.[11] Section 544(a)(3) provides that at the date of the commencement of the case, the Trustee stood in the shoes of a hypothetical bona fide purchaser ("BFP") for value who acquired a deed to the property on the date of the commencement of the case and had the rights and powers of such a BFP with respect to the property. There is no doubt that, had the deed not been recorded post-petition, the Trustee could have exercised his § 544 avoidance powers to avoid it.[12]

Neither can Vaupel claim that he was a bona fide transferee of the property in March of 2005. He admitted that he knew Smith had filed her bankruptcy. He even loaned her money to pay a bankruptcy lawyer on March 2, 2005, twelve days before he caused the deed to be filed. In addition, by the promissory note's terms, Vaupel agreed that he was not acquiring a perfected security interest in the Property by virtue of the "held" deed.

In short, Vaupel and AG Trend simply had no recorded interest in the Property before the case was filed and the post-petition recording of the warranty deed constituted a post-petition transfer that is avoidable under § 549(a). Judgment should be entered for the Trustee on his complaint, avoiding the transfer of the Property and preserving same for the benefit of the estate. A Judgment on Decision will issue this day.

Also before the Court on September 20, 2006 was Vaupel's and AG Trend's motion to sell

---

[11] *See* KAN. STAT. ANN. § 58-2223 (2005) which renders an unrecorded instrument valid only as between the parties to it, and those having actual notice of it, until it is filed for record.

[12] *See A.C. Rentals, Inc. v. Hough (In re A.C. Rentals, Inc.),* 310 B.R. 663 (Table) (10th Cir. BAP 2004).

5

the Property and the Trustee's objection.[13]  At the trial, the Court encouraged the parties to enter into some agreed arrangement to list the Property for sale pending the Court's determination on the complaint.  In light of today's decision, however, the Court concludes that the motion should be DENIED and the Trustee shall present the appropriate order.  Nothing in this opinion shall prejudice the filing or amending by defendants of either a proof of claim in the bankruptcy case or an application for the allowance of administrative expenses for funds expended by Vaupel for maintenance and preservation of the Property after the date of the commencement of the bankruptcy case.

# # #

---

[13] Dkt. 26 and 28, respectively.